## Emile Romer *v.* Jane Woods, f. w. c.

The plea of prescription of one year bars the action for the rescission of the sale of a slave, upon the ground of the slave being addicted to running away, unless it is proved the vendor knew of the existence of the vice at the time of the sale, and neglected to declare it to the purchaser. C. C. 2512.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Schmidt, Hoffman* and *Ogden*, for appellees. *Livingston*, for appellant. The judgment of the court was pronounced by

Rost, J. The plaintiff sued for the rescission of the sale of a female slave fully guaranteed, on the ground that she was addicted to running away before and at the time of the sale.

The defendant called her vendor, *Martha P. White* in warranty. The latter pleaded the general issue and the prescription of one year, under art. 2512, C. C. Her counsel not having appeared at the trial, judgment was rendered

against her in warranty for the amount which the plaintiff recovered from the defendant, the court below having rescinded the sale. The defendant acquiesces in the judgment, and the warrantor alone has appealed.

The appellant sold the slave more than one year before the institution of this suit. Her plea of prescription must, therefore, prevail, unless she had knowledge of the existence of the vice, and neglected to declare it to the purchaser. C. C. 2512.

The facts necessary to be proved against her are, either that she was apprized of the existence of the vice when she sold, or that while the slave was in her possession she absented herself twice, for several days, or once for more than one month, as required by art. 2505, C. C., to constitute the habit of running away.

These facts are not satisfactorily proved. The testimony of the witness, *Léonard*, has no specific reference to the possession of *Mrs. White*, and is entirely too vague and general. That witness states besides, that the defendant was apprized of the existence of the vice at the time she purchased, but does not state by whom. If the vice was disclosed by the vendor, this case would not differ from that of *Campbell* v. *Botts*. 5th Ann. 106; and the warrantor would not be bound unless she had given a special warranty against the vice disclosed.

It is therefore ordered, adjudged and decreed, that the judgment rendered in this case, in favor of the defendant against her warrantor, *Martha P. White*, be reversed, and that there be judgment in favor of said warrantor and against the defendant, with costs in both courts. .